**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-205 |
| | ) | Judge Robert J. Colville |
| JERMAINE CURRY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is a Motion for Review of Detention and for Release Pending Trial (Docket No. 48) filed by Defendant Jermaine Curry ("Defendant"). Defendant requests that this Court review the order of detention pending trial issued by Magistrate Judge Patricia Dodge (Docket No. 45) and enter an order releasing him from pretrial custody with certain conditions. The Government filed a Response in opposition, arguing that Defendant has not overcome the presumption of detention because of the seriousness of the gun and drug charges, and that he has not produced evidence he will not pose a threat to the community should he be released, thus this Court should affirm Judge Dodge's detention order. (Docket No. 53). After careful consideration of the parties' positions and review of the detention hearing transcript ("Transcript") (Docket No. 50) and the referenced Pretrial Services Report, Defendant's Motion is denied.

## I. PROCEDURAL HISTORY

On August 19, 2020, Defendant was charged in a four-count Indictment with possession with intent to distribute quantities of fentanyl, acetyl fentanyl, heroin, and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)(Count One); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) (Count Two); possession of a firearm and ammunition while subject to a domestic violence protection order, in violation of

18 U.S.C. §§ 922(g)(8) (Count Three); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Four). (Docket No. 3.) On November 30, 2020, Defendant filed a Motion for Hearing and for Release Pending Trial (Docket No. 38). The court ordered counsel for the Government and Defendant, as well as the Probation Office, to confer regarding whether a release agreeable to all parties could be reached. (Docket No. 39). No agreement having been reached, on December 10, 2020, the Government filed an opposition thereto. (Docket No. 41).

Judge Dodge held a detention hearing on December 29, 2020 and then entered a written order of detention pending trial. (Docket Nos. 44, 45). Judge Dodge found that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) was triggered in this case based on the nature of the charges against Defendant, and Defendant introduced sufficient evidence to rebut the presumption. (Docket No. 45 at 2). She further found, however, that the information presented at the detention hearing established by clear and convincing evidence that there is no condition or combination of conditions which would reasonably assure the safety of the community if Defendant is released. (*Id*.). Along with Judge Dodge's findings made on the record at the hearing,[1] she specified in the order the following reasons for detention: the weight of the evidence against Defendant is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his

---

[1] Judge Dodge explained on the record that Defendant is facing serious charges and the weight of the evidence is strong, as reflected by the grand jury's return of the Indictment which establishes probable cause that the offenses occurred. Judge Dodge further explained:

> As Mr. Kraus noted, this was not a crime of violence. However, the possession of the number of guns in Mr. Curry's alleged possession at the time that the arrest and the search was made, together with the possession of controlled substances of several sorts certainly suggests that there is a danger to the community with someone who is a convicted felon on probation and subject to a PFA to not only be in possession of those guns but also in the possession of controlled substances and the evidence certainly suggests there may be an ongoing drug trafficking issue …

(Docket No. 50, Transcript, at p 31). Judge Dodge found that Defendant's prior criminal charges and convictions, in addition to him being a convicted felon on probation and subject to a protection from abuse order, support a conclusion that he would be a danger to the community if he is released.

participation in criminal activity while on probation, parole or supervision; his lack of stable employment; and his prior violations of probation, parole or supervised release. (*Id.* at 2-3).

On March 8, 2021, Defendant moved this Court to review the detention order and requests that he be released pending trial. (Docket No. 48). In summary, Defendant submits that; subsequent to his order on detention, while housed at the Butler County Jail, he contracted Covid-19 and was hospitalized; when he returned to the health services section of the Butler County Jail and while in the medical housing section there, he discovered a fellow inmate who had died by suicide after hanging himself, which caused Defendant physical and psychological stress; he is now out of the medical area of the prison but remains at risk for contracting Covid-19 again, and could suffer serious consequences if he does contract it; Defendant recently learned his teenage daughter was subjected to unwanted advances and contact by a male individual residing with Defendant's ex-wife, and although she has not returned to that home, she continues to feel threatened and thus, Defendant would like to be released to provide "assistance and security"; and Defendant owns a home where he can reside should the Court grant his request for pretrial release, or, in the alternative, his niece Mariah Bethune, gainfully employed, would allow him to stay with her while his charges remain pending. (Docket No. 48 at 2-3). In arguing for release, Defendant assures the Court that his detention is not necessary to ensure his appearance or community safety, and that he "could be placed on electronic monitoring, home detention, GPS monitoring, pretrial service supervision and any other conditions necessary until the pandemic has ended to ensure that he doesn't contract the Covid-19 virus." (Docket No. 48 at 5-6). In addition, he argues:

> Although Mr. Curry is charged in this matter with unlawful possession of firearms, the firearms for which he has been charged have been seized by the government. Moreover, he has not previously been convicted or accused of assaulting or threatening anyone with firearms. The government has not alleged that Mr. Curry committed any acts of violence with respect to the charges in this case. There is no indication that Mr. Curry was anything but cooperative and

> peaceful at the time of his arrest and detention. The government has not charged a conspiracy in this matter, and there are no allegations that Mr. Curry has a leadership or management role in any criminal organization. These facts are sufficient to rebut a presumption of detention under 18 U.S.C. §3142(g).

(Docket No. 48 at ¶¶ 37-43).

The Government opposes Defendant's request for release pending trial. (Docket No. 53). The Government notes that Judge Dodge correctly detained the Defendant, a felon with a history of violence who was found with illegal narcotics and 10 firearms in his home. And although the Defendant claims he contracted and recovered from COVID-19 since his detention hearing, he has not substantiated this claim with independent records[2] (or, indeed, any of the claims related to the inmate suicide or his own hospitalization). Regardless, assuming these medical concerns are true, his own allegations demonstrate his medical needs were met. The Government contends given Defendant's indictment for involvement in drug trafficking, the weight of the evidence against him, and his history and characteristics, the detention order should stand. After careful consideration, the Court will deny his motion.

## II. ANALYSIS

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*. (the "BRA"), governs release and detention pending judicial proceedings. Under the BRA, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community, detention must be

[2] We note, however, that Defendant's attorney presented medical records from the Butler County Prison to Judge Dodge during the detention hearing, who reviewed the packet and stated she did not question their authenticity. (Docket No. 50, Transcript of hearing, at p. 15). No additional records have been provided since the hearing.

ordered. 18 U.S.C. §3142(e). Certain cases raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies, among others, to cases, as here, in which there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c), or an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is sufficient to establish probable cause triggering the rebuttable presumption. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

The charges against Defendant, as summarized *supra*, raise the rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). A defendant may rebut the presumption in §3142(e) by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (citation omitted). If the defendant rebuts the presumption, the burden of persuasion remains with the government. *Id.* Thus, the government bears the burden of proving that defendant presents either a risk of flight or a danger to the community.[3]

The Court agrees with Judge Dodge that while Defendant did introduce sufficient evidence to rebut the applicable presumption that no conditions will reasonably assure the safety of the

3 The Government must prove by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions will assure his appearance at trial. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The Government must prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. *United States v. Delker*, 757 F.2d 1390, 1399 (3d Cir. 1985).

community, after considering the presumption and other factors, detention is warranted because the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.[4] *See* Docket No. 45 at 2. In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth in 18 U.S.C. §3142(g), which include the following: the nature and circumstances of the offenses charged, including, *inter alia*, whether they involve a controlled substance or a firearm; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court finds that the evidence proffered at the detention hearing favors the Government on each of these cited factors. First, Defendant has been indicted for very serious drug trafficking and firearm offenses, the convictions for which may result in the imposition of a lengthy period of incarceration, (i.e., up to 20 years' imprisonment at Count One, up to 10 years' imprisonment at Count Two, up to 10 years' imprisonment Counts Three, and a consecutive 60 months' imprisonment at Count Four). See 18 U.S.C. §§ 922(g)(1), 922(g)(8), 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(C). As such, this factor weighs against Defendant.

Second, Judge Dodge observed on the record that the weight of the evidence against Defendant is strong, as reflected by the grand jury's return of the Indictment which establishes probable cause that the offenses occurred. The Court agrees with Judge Dodge as to this factor, particularly given the evidence that narcotics and firearms were in his residence, he was intercepted

4 This Court exercises *de novo* review over the detention order entered by the magistrate judge. *See Delker*, 757 F.2d at 1394-95. No evidentiary hearing is required before this Court because the record was fully developed before Judge Dodge, and "[t]his court may make its independent determination" on the issue of pretrial detention "based solely upon the evidence introduced at the prior hearing." *United States v. Burgess*, No. 2:09-cr-150, 2009 WL 2038148 at *1 (W.D. Pa. July 8, 2009) (citations omitted). Consequently, the Court has considered the unofficial transcript of the proceedings before Judge Dodge, along with the referenced Pretrial Services Report.

on a wiretap investigation discussing the sale of narcotics, and admitted possession of the guns.[5] While recognizing that Defendant is presumed innocent of the charged offenses, the weight of the evidence against Defendant favors pretrial detention.

Third, with respect to Defendant's history and characteristics, this Court shares Judge Dodge's concern about his criminal history. The Pretrial Services Report indicates that: 1) Defendant committed a felony (receiving stolen property) in 2009 for which he was sentenced to sixty months' probation; 2) current pending state charges with offense date of July 14, 2018 of aggravated assault (felony), strangulation – applying pressure to throat or neck (felony), and terroristic threats with intent to terrorize another (misdemeanor), and unlawful restraint/serious bodily injury (misdemeanor), simple assault (misdemeanor), recklessly endangering another person (misdemeanor) and harassment (non-jury trial scheduled, all charges pending); 3) conviction for criminal mischief on August 27, 2018 which resulted in a sentence of a fine and costs; 4) charge of simple assault on January 20, 2019 arising out of an assault on his wife and her minor daughter to which he pled guilty and was sentenced to eighteen months' probation (active detainer), and 5) the current alleged offenses occurred while Defendant was on probation for the simple assault conviction. Despite this pattern of unlawful behavior, Defendant now claims that he should be released and would comply with any conditions of release imposed by the Court.[6]

---

[5] FBI Special Agent Goucher testified that Defendant has a protection from Abuse order effective until February 4, 2022, related to his ex-wife and children, that after a search warrant was obtained the search revealed ten firearms in the house, cocaine, suspected heroin, drug packaging materials, a large amount of cash on Defendant, two cell phones, a gun scope, several magazines, and boxes of ammunition, and further that the laboratory results showed the presence of cocaine and heroin, acetyl fentanyl, and fentanyl. He also explained Defendant was intercepted in a separate wiretap investigation and the interceptions indicated that he was involved in narcotics trafficking. (Docket No. 50, Transcript, at 6-9).

[6] According to Defendant, who has several risk factors with respect to Covid-19, his concerns surrounding Covid-19 exposure would be allayed should he be released to the general population. Under the facts and circumstances in this case, the Court does not find that he has met his burden to show this presents a compelling reason pursuant to 18 U.S.C. Section 3142(i), in the absence of anything other than speculation from the Defendant that he is at risk for reinfection. *See United States v. Patton*, 2:19-cr-8, ECF No. 2293, at 2 (W.D. Pa. Aug. 21, 2020) (Ranjan, J.); https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection html ("Cases of reinfection with COVID-19 have been reported, but remain rare.")

Defendant's criminal history strongly suggests otherwise. Defendant has committed crimes while on probation, which demonstrates to this Court that supervision has done little to deter him from engaging in criminal activity. Other than Defendant's assertion that he would value his freedom and comply with any conditions imposed, he has proffered no evidence that he has the potential to maintain a law-abiding life if released. *See Carbone*, 793 F.2d at 560.

With that said, Defendant has suggested that he can be placed with his niece and would comply with whatever conditions the Court may impose. Yet "the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case." *United States v. Bey,* Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015). The Court will deny Defendant's request to be released given Defendant's recurrent criminal charges which compel us to conclude that he would be a danger to the community if released. This Court is concerned that any third-party custodian may not be able to adequately supervise a defendant who is charged with extremely serious drug trafficking and firearms offenses.

As to the final factor, the nature and seriousness of the danger to the community that would be posed by Defendant's release likewise favors pretrial detention in this case. Drug trafficking poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like fentanyl, acetyl fentanyl, heroin and crack cocaine. *United States v. Atkins*, Crim. No. 15-87, 2015 WL 4920831 at *7 (W.D. Pa. Aug. 18, 2015) (citing *United States v. Gibson*, 481 F.Supp.2d 419, 423 (W.D. Pa. 2007) ("violence is not the only danger to the community this court must consider. The court must also consider the danger of trafficking in illicit drugs.")). Additionally, Defendant is charged with firearms offenses, and the Court observes

that the possession of firearms creates a very serious risk of danger when combined with drug trafficking. Therefore, this final factor weighs strongly in favor of detention.

## III. CONCLUSION

For the reasons detailed herein, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial. Accordingly, Defendant's motion for review of detention order is denied.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 13th day of April, 2021, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motion for Review of Detention Order (Docket No. 48) is DENIED.

*s/ Robert J. Colville*
Robert J. Colville
United States District Judge

cc/ecf: All counsel of record